Bekvaed, J.
The plaintiff, as indorsee of a promissory note of hand, brought this action against the defendant, as indorser. The indorsement was in these words: “ I assign the within note to James Kilpatrick.”
It appeared that the plaintiff had received part payment from the maker of the note; and that he had not applied to the defendant until a year after the note became due, who refused to pay the money demanded, as indorser. The plaintiff had sued the maker of the note who was solvent. The real dispute was, who should pay the costs of this suit.
The Court of Common Pleas for Pendleton district, (the action being by way of petition and process,) decreed for the defendant on two grounds. 1. That the indorsement did not entitle the plaintiff to sue and recover thereon, as indorsee. 2. That the plaintiff *93 had not proved the necessary requisites to entitle him to recover ■against the defendant, as indorser.
My opinion is, that the District Court was right on both grounds.
I am not very clear on the first ground. On the second I am. Our act of assembly of 1798, enables the assignees of bonds, notes, or bills, to sue for the recovery of the same in their own names, styling themselves assignees, &c. Under this act, an assignee cannot sue as indorsee, because the act expressly requires that he shall sue as assignee. But it may be said, that the act relates tinly to notes which are not negotiable. Yet, if a negotiable note be assigned, it rather seems to me that the assignee must take it as as-signee, and cannot take it as indorsee. This may seem to be a distinction merely nominal.
At common law, a chose in action was not assignable ; but the assignment was good in equity. The introduction of promissory notes into commercial transactions was much more recent than that of bills of exchange.
Lord Holt persisted in considering them only as evidence of a debt, until the merchants obtained, by a resolute struggle, against his opinion, the stat. 3 and 4 Anne. This statute makes them assignable and indorsable over, in the same manner as inland bills of exchange; and declares that the indorsee may maintain an action thereon, as on a bill of exchange. I know not if this statute meant ,to make any difference between the assignment and indorsement of a note.
Indorsements are either full, or in blank. A full indorsement is •that by which the indorser orders the money to be paid to some particular person by name. Kyd on Bills and Notes, 59# This was not a blank indorsement. It was not an indorsement to pay the money to any particular person. It may, however, be said, that indorsement and assignment, in relation to negotiable instruments, are convertible terms, and that the assignment in question imports an order to pay the money to the assignee, as indorsee.
I am not clear that this position is not sound :• yet, I rather incline to think, it is fair to conclude, from the terms of the assignment, that the assigner did not intend to make himself liable as in-dorser, and place himself in the situation of a new maker of the note, in relation to the assignee, of drawer of a bill of exchange. Burr. 676. Chitty, 121. But, be that as it may, on the other ground the defendant was clearly entitled to a decree.
An indorser is only provisionally liable. The indorsee must first make his demand against the maker of a note, or use due diligence *94 for that purpose, and upon default of payment, give reasonable notice to the indorser, within a convenient time. 1 Str. 649. 2 Str. 1087. 2 Burr. 678. This was not done in this case,
If the indorsee give credit to the maker without notice to the in-dorser, it will discharge him. Not demanding the money in a reasonable time, is a giving of credit. Bull. N. P. 275.
By the court, Bay, Brevard, Smith, and Colcock.
Motion discharged.